HALL, Judge.
This is a suit to recover damages for personal injuries allegedly sustained by plaintiff as the result of an automobile accident on Orleans Avenue near its intersection with North Johnson Street in the city of New Orleans. After hearing the evidence, the trial judge held that the plaintiff had failed to sustain the burden of proving his case by a fair preponderance of the evidence and dismissed plaintiff’s suit. Plaintiff appealed.
The accident occurred about nine o’clock in the morning of December 24, 1960. Plaintiff, a 74 year old man, was riding as a guest passenger in the rear seat of an automobile being driven by his son, Jacob Shamie, on Orleans Avenue in the direction of Claiborne Avenue. As the Shamie automobile approached North Johnson Street an automobile operated by Leon Bowsky suddenly pulled out from a parked position on Orleans Avenue and struck the Shamie car at the right rear door. Plaintiff sued his son, his son’s insurer and Leon Bowsky.
Since the accident is bound to have been the result of negligence on the part of either one or both of the drivers, and, since plaintiff was in no wise contributorily negligent, it would seem that plaintiff should recover judgment if he received any injuries. It is manifest therefore that the trial judge found that plaintiff did not prove that he was injured in the accident.
Plaintiff made no complaint of injury at the time of the collision. On the contrary, he walked unaided across the street to summon the police. Thereafter he left the scene to go and open his retail store at 145 Baron-ne Street, and in order to do this, he had to get on a Public Service bus, transfer to another bus, and then walk from the bus stop to the store. He did this without accompaniment or aid.
Plaintiff testified that he felt no ill effects until that night when he noticed that his body was shaking for no apparent reason. The next morning he went to Touro Infirmary where he saw and apparently was examined by Dr. Lawrence H. Strug. Dr. Strug treated him for a while, then referred him to Dr. Beryl D. Ames. Dr. Ames treated him for some time and then referred him to Dr. Richard Levy for a neurological examination.
Plaintiff’s only complaint is of a severe shaking of his extremities. This shaking was noted by the district judge while plaintiff was on the witness stand but the Court remarked that “the Court is not here to say” what caused it or whether it was controllable or not controllable. Plaintiff testified that the shaking manifested itself only after the accident, and testified emphatically that prior to the accident he had never been sick a day in his life, that never in his life had he consulted a doctor, nor taken any medicine whatever. That this emphatic statement is not strictly true is shown by the fact that he had at least two drug prescriptions filled for himself prior to the accident, one of them being filled approximately 17 days prior thereto.
Four other witnesses testified on behalf of plaintiff. Each testified that he had known plaintiff for many years, that prior to the time of the accident he had been unusually robust for his age but that since that time he had been afflicted with shaking. None of them knew anything of the. accident and apparently knew the date it occurred only through the questions of counsel.
The sole medical evidence in the record consists of the written reports of Drs. Ames and Levy.
Dr. Ames’ conclusions are as follows:
“He has hypertensive cardiovascular disease and peripheral arteriosclerosis. His tremor appears and disappears while he is being examined, suggesting that it is not a voluntary affectation or an act of malingering. Possibly he has a traumatic neurosis, possibly he has organic brain injury as a result of the automobile accident, which *845 injury did not produce unequivocal evidence of neurologic defect. Either of these hypotheses would be difficult to substantiate except by long observation. One practical consideration should be borne in mind: Mr. Shamie’s illness cannot be satisfactorily treated until the legal responsibility for medical care has been established or disallowed.”
Dr. Levy; who examined plaintiff at the request of Dr. Ames and in consultation with him, states the following in his report:
“From the history, this patient has a complaint of tremor in all four extremities, worse in the lower extremities than the upper. The neurological examination revealed no abnormality. The slight tremor in the lower extremities occurred only when the muscles were put on tension.
It is my opinion that this patient does not have a primary neurological disease. Specifically, I do not believe that he has Parkinsonism. I do believe that the tremor is the result of an increase in muscle tone which can be stopped voluntarily. The evidence for this is the fact that the tremor can be produced by putting the muscles on a slight stretch and can be made to disappear by relaxing the muscles. In conclusion, I do not believe that this gentleman has an organic neurological disability. I have no further recommendation to make concerning other neurological diagnostic studies or treatment.”
Thus it can be seen from the medical testimony there is no definite showing of any injury caused by the accident. Dr. Ames speaks only of “possibilities” and states that “even these hypotheses would be difficult to substantiate except by long observation”.
We note further that although Dr. Strug was the first doctor plaintiff saw after the accident, he did not elect to call Dr. Strug as a witness nor introduce a report from him. The presumption is that Dr. Strug’s testimony would not be favorable to plaintiff’s case.
For the foregoing reasons we agree with the trial judge’s holding that plaintiff has failed to establish by a preponderance of the evidence that the shaking of which he complains was caused by the accident or that he received any injuries as a result thereof. The judgment appealed from is affirmed, costs of both courts to be borne by plaintiff.
Affirmed.