365 So.2d 1118 (1978)
Ida BEAL
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. 9479.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1978.
*1119 Garland R. Rolling, Metairie, for plaintiff-appellee.
James Maher, III, New Orleans Public Service, Inc., New Orleans, for defendant-appellant.
Before REDMANN, BOUTALL, and GARRISON, JJ.
GARRISON, Judge.
The only issues presented in this case relate to the quantum of the award in favor of plaintiffs herein. The defendant, New Orleans Public Service, Inc. (hereafter called NOPSI), stipulated to liability at trial, as well as to several items of special damages, so that the measure of damages was the only question to be decided by the trial court as well.
This suit was instituted by plaintiffs to recover for personal injuries and property damage arising out of a vehicular collision between plaintiff Elliot Beal's automobile and one of defendant NOPSI's buses on October 16, 1975. These damages were incurred when one of defendant NOPSI's buses struck plaintiff's automobile from the rear as Beal was beginning to negotiate a left turn into his driveway in the 3600 block *1120 of Freret Street in New Orleans. As a result of being struck from the rear, Beal's automobile crashed into the corner of his house and the fence around it.
The following awards of special damages were stipulated prior to trial, and were included in the judgment below:

 Dr. Berkett $150.00
 Optometrist 88.00
 X-rays 82.50
 Touro Infirmary 118.50
 Dr. Melvin Sternberg 20.00
 Ambulance service 45.00
 Midas Muffler 31.68
 Other damage to car 734.21
 National Fence Corp. 52.50
 Lost wages for 12 workdays missed 766.00

Also awarded by the trial court, about which award there was some dispute, were the following:

Drugs $ 42.00
Damage to house (including permanent
exterior blemish due to mismatched
bricks) 1,000.00
General damages for past and future
pain and suffering 8,500.00

Defendant NOPSI has appealed from the trial court's judgment, asserting that the award of $8,500.00 for general damages in this case was excessive and an abuse of the trial judge's discretion. Similarly, NOPSI also argues that $1,000 for damage to the house was excessive. Additionally, NOPSI contends that the award of $42.00 for drugs was erroneous because no evidence was introduced to prove that Beal had made any expenditures for drugs.
Plaintiffs filed an answer to NOPSI's appeal, asking for an increase in the $1,000.00 award for damage to the house to $1,420.00, the maximum cost of repair shown by the evidence. In addition, plaintiffs argue that an award should have been made for loss of future earnings since Beal was forced into early retirement by this accident.
There was no abuse of discretion by the trial court in the amounts of the awards for various items in this case. From the evidence presented there is no showing that the amounts questioned on this appeal are either excessive or inadequate. Therefore, under the doctrine set forth in Coco v. Winston Industries, 341 So.2d 332 (La.1976), the judgment is affirmed.
At the time of the accident, Mr. Beal was a sixty-year old teacher at Carter G. Woodson Junior High School. He was taken from the scene of the accident by ambulance to Touro Infirmary where, after regaining consciousness, he was examined and released by Dr. Melvin Sternberg, an associate of his family physician, Dr. Melvyn Kossover. According to his own testimony, and that of his wife, he was unconscious from shortly after impact until he came to the Emergency Room at Touro. According to his wife and the ambulance records, he received oxygen on the way to the hospital.
Mr. Beal was referred to Dr. Berkett, an orthopedist, by his family physician, and the deposition of Dr. Berkett, and several medical reports prepared by him, were introduced into evidence. According to Dr. Berkett, Beal's symptoms were referable to his head, neck, back, legs, and fingers. He had a limitation of his neck motion in lateral bending to the right, numbness in the fingers of both hands, with a particularly swollen right index finger, and sharp pains in his legs. In addition, he had a congenital deformity in his cervical spine which Dr. Berkett expected might be more affected by this accident than a normal neck. He recommended Valium and Tylenol, but did not prescribe them for Beal because he was informed that Dr. Kossover had already done so. He referred Beal to therapy of heat massage to his neck, but did not recommend traction because of the pre-existing neck problem.
One week after his first visit with Dr. Berkett, Beal's condition had not changed noticeably. However, after two weeks, when he saw Dr. Berkett again, he had improved enough to return to work, although he complained of discomfort when he had to stand for long periods of time. He was also still having trouble with his finger. His condition gradually improved until January 21, 1976, when he saw Dr. Berkett for the last time, and was told to return if he had any more symptoms. Dr. Berkett stated that there was no particular *1121 reason for Beal to take an early retirement, although he might have more strains on him since the accident.
Defendant NOPSI suggests that the injuries sustained by Mr. Beal would be more than adequately compensated with $5,000, and that is the highest amount which could be awarded for these injuries without an abuse of the trial court's discretion. NOPSI asserts specifically that the trial judge ignored the rule of law that the failure of a party to call a treating physician, or satisfactorily, explain his absence, creates a presumption that such physician's testimony would be unfavorable. Shamie v. Bowsky, 152 So.2d 843 (La.App. 4th Cir. 1963). However, as counsel for the plaintiff points out, such a presumption is rebuttable and may be overcome when the sufficiency of the other evidence requires it. Carroll v. Southern Casualty Insurance Company, 285 So.2d 370 (La.App. 3rd Cir. 1973) w.d. 288 So.2d 356. The extent of Mr. Beal's injuries seems adequately proven through the testimony and medical reports of Dr. Berkett, which can hardly be said to have been overwhelmingly in Mr. Beal's favor.
Counsel for NOPSI cites several cases featuring injuries similar to those sustained by the plaintiff here, in which the awards for general damages ranged from $2,000 to $5,000. Likewise, counsel for plaintiff cites several similar injury cases in which the awards were substantially higher than $8,500. As we have been instructed in Coco, supra, these previous awards should only be used as an aid to determine if there has been an abuse of discretion, as each case will stand alone on its facts. Furthermore, and more important, in order to lower an award, a Court of Appeal must determine that the award is above the highest point which is reasonably within the trial court's discretion. None of the cases cited here indicate that their awards are at the highest acceptable level. Under the circumstances the award of $8,500 in general damages should be affirmed.
The $42 allowance for drug expenses appears reasonable in this case. It is true that no evidence in the form of receipts were introduced into evidence, and the prescribing physician (Dr. Kossover) did not testify. However, Dr. Berkett testified that he would have prescribed the same drugs (Valium and Tylenol), but did not when he was informed that Mr. Beal was already taking them. Dr. Berkett further testified that he later recommended that Mr. Beal continue taking this medication.
Mr. Beal stated that his initial prescription cost approximately $14, and he refilled it about three times. On this basis the trial judge awarded $42; and although the evidence on this point left something to be desired, in light of the fact that such medication was clearly recommended (by Dr. Berkett), and the small amount involved, the award is reasonable.
Both NOPSI and the plaintiffs complain about the award of $1,000 damage to plaintiff's home. NOPSI arrives at what it contends is the proper figure, $815.00 by adding $315.00, the amount paid to Mr. Joseph Pepin for partial repairs, and $500.00, the figure it determined was a reasonable estimate for the remaining repairs necessary. The Beals, on the other hand, demand an increase to $1,420.00, which includes the $315.00 paid to Pepin and an estimate for completion of $1,105.00 by Owen Reed.
NOPSI's primary objection to the Reed estimate is that it was made in June 1977, some eighteen months after the accident, and only a few days prior to trial. Thus, by trying to establish that prices in construction have doubled or tripled in the past few years, and that Reed was calculating on a 30% markup for himself, NOPSI offers $500.00 as a reasonable estimate at the time of the accident, or shortly thereafter. The argument about the passage of time is a valid one, but it is unreasonable to expect someone to be able to get a repair of this sort done without the contractor demanding a standard markup for himself. Thus, it appears that the trial judge weighed these factors, as well as the fact that there is testimony that the brick repairs could only be "as near a match as possible", in arriving *1122 at what he considered to be a just reward. There was no abuse of discretion in allowing for a reasonable contractor's markup, or in refusing to allow plaintiff to recover all of the increased costs produced by delay.
Plaintiff also argues that the trial judge erred in not allowing damages for loss of earnings occasioned by plaintiff's early retirement. It was shown that Mr. Beal retired at age 62 rather than 65 as he normally would have, and that his retirement income was $134 per month less than his salary. Consequently, plaintiff claims $134 per month for three years as a result of this accident. The problem with this argument is that there was absolutely no evidence that the pain and discomfort from this accident necessitated plaintiff's early retirement. The only support for this argument was Mr. Beal's own self-serving statements. These alone cannot serve as the basis for such an award, and the trial judge was correct in disallowing this claim.
The record reflects no abuse of discretion on the part of the trial judge in this case. The awards made were within the reasonable limits of the trial judge's discretion. Therefore the judgment below is affirmed.
AFFIRMED.