**Robert E. ANUSZEWSKI, d/b/a Pine Tree Post & Beam**

**v.**

**Richard H. JUREVIC, et al.**

Supreme Judicial Court of Maine.

Argued Oct. 6, 1989.

Decided Nov. 28, 1989.

Daniel T. Rush (orally), Hodsdon & Rush, Kennebunk, for plaintiffs.

Paul F. Macri (orally), Berman, Simmons & Goldberg, Lewiston, Dana Prescott, Potter & Prescott, Saco, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

Defendants and counterclaim plaintiffs Richard and Judy Jurevic appeal from a judgment entered after a jury trial in Superior Court (York County, *Bradford, J.*).[1] Because we conclude that the court improperly limited the jury's consideration of damages claimed by the Jurevics, we vacate the judgment on the counterclaim.

In early 1987, the Jurevics contracted with the plaintiff, Robert E. Anuszewski, a contractor doing business as Pine Tree Post & Beam, for Anuszewski to construct a home for the Jurevics in Kennebunkport. The home was to be completed by June 1, 1987, at a cost of $134,000, and the contract called for the Jurevics to make periodic progress payments. The home was only about fifty percent complete on June 1, 1987. In January 1988, the Jurevics discharged Anuszewski. In March 1988, Anuszewski brought an action against the Jurevics to recover $39,590.[2] The Jurevics filed a counterclaim.

At trial, the Jurevics presented evidence that the construction work was defective and testimony in the form of an expert opinion as to the total cost to correct the defects and to complete the house. The testimony indicated that this cost would include a general contractor markup of fifty percent added to the actual cost of the work to be done for overhead and profit, and that this was a usual and customary practice of the industry. The Jurevics also claimed damages for rental and other incidental expenses caused by Anuszewski's delay in completing the house. The court, however, prohibited the Jurevics from presenting evidence of delay damages beyond January 5, 1988, the date the Jurevics terminated the contract with Anuszewski.

At the conclusion of the evidence, the court, in its jury instructions, precluded the jury from considering the general contractor's markup as follows:

[I]f you find that the Jurevics are entitled to recover damages from Mr. Anuszewski for completion of the work not done or for repairing work not performed in a workmanlike manner, any amount of damages that you award must be the cost of doing that work by the various workmen without any markup to a general contractor, such as was testified to by [the Jurevics' expert witness].

The jury returned a verdict awarding Anuszewski damages of $25,000 on his complaint and awarding $22,000 to the Jurevics on their counterclaim. This appeal by the Jurevics followed the denial of their motions for a mistrial, or in the alternative, for a new trial, and for additur.

We find merit in the Jurevics' contention that the court impermissibly restricted the jury's consideration of the full amount of damages that they were entitled to recover. The purpose of contract damages is to place the injured parties in the position they would have been in but for the breach, by awarding the value of the promised performance. *See Forbes v. Wells Beach Casino, Inc.*, 409 A.2d 646, 654 (Me.1979); *Restatement (Second) of Contracts* § 344(a), at 102–03 (1981). Those damages for breach of a construction contract are measured by either the difference in value between the performance promised and the performance rendered, or the amount reasonably required to remedy the defect. *Parsons v. Beaulieu*, 429 A.2d 214, 217 (Me.1981). The amount reasonably required to remedy the defect may be measured by the *actual* cost of necessary repairs. *Id.; Wimmer v. Down East Properties, Inc.*, 406 A.2d 88, 92 (Me.1979). Those costs may be proven by the presentation of expert testimony, as the Jurevics did here. *Gosselin v. Better Homes, Inc.*, 256 A.2d 629, 639 (Me.1969).

---

1. Plaintiff Anuszewski filed a cross-appeal that has since been dismissed.

2. The $39,590 represented, alternatively, the unpaid part of the contract price, or the value of the labor and materials provided by Anuszewski for which he had not been paid.

■ The court correctly instructed the jury that the Jurevics' measure of recovery for incomplete or defective work was "the amount reasonably required to remedy the defect" as specifically measured by the actual cost of repair. *See Parsons,* 429 A.2d at 217. The court went on, however, to instruct the jury that the cost of repair was to be considered "without any markup to a general contractor." [3] This instruction was given despite testimony from an expert witness that the actual cost to remedy the incomplete and defective construction work of Anuszewski would include a general contractor markup for overhead and profit, and that such a markup was customary and usual in the construction business. Although Anuszewski defends the court's instruction, he did not argue at trial, nor does he now, that the Jurevics were not entitled to have the jury consider their claim that it was reasonable for them to hire a general contractor to supervise the repairs and completion of the house. If the jury concluded that it would be reasonable for the Jurevics to hire a substitute general contractor to supervise the repairs and completion, but was precluded by the court's instruction from considering the award of damages for the reasonable cost of the substitute contractor's overhead, for which the evidence suggests they would be charged as a matter of routine, then the Jurevics could be deprived of full recovery in their breach of contract claim. They would not be placed in the same position they would have been had Anuszewski performed the contract. *Forbes,* 409 A.2d at 654.

In breach of contract cases we have upheld repair or replacement damage awards of the amount required to bring a home into compliance with the contract. *Parsons,* 429 A.2d at 217 (recovery of amount expended to replace defective septic system installed by contractor); *Wimmer,* 406 A.2d at 91–92 (recovery of amount expended to drill replacement well). In addition, we have affirmed the computation of indebtedness owed a builder by a homeowner that included a contractor's overhead and profit. *Gosselin,* 256 A.2d at 639. We see no reason to exclude reasonable and customary profit and overhead of a contractor from the cost of repairs to remedy defects in a breach of contract case. *See Beal v. New Orleans Public Serv., Inc.,* 365 So.2d 1118, 1121 (La.App.1978).[4]

The entry is:

Judgment on the complaint affirmed. Judgment on the counterclaim vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

**3.** At the conclusion of the court's instruction, counsel for the Jurevics objected "to the instruction regarding the general contractor markup and the damages...." The court acknowledged and noted the objection. Contrary to Anuszewski's contention, the objection to the court's instruction to the jury precluding their consideration of the contractor's markup or overhead in awarding damages to the Jurevics was distinctly stated and adequately preserved. M.R.Civ.P. 51(b).

**4.** The Jurevics also contend that the court impermissibly limited their proof of consequential damages by restricting the evidence of those damages to the time period before January 5, 1988, the date Anuszewski was discharged. An-

uszewski argues that the Jurevics failed to preserve the issue for appellate review because they failed to make an offer of proof as to those damages arising after January 5. *See* M.R.Evid. 103(a)(2). Because we vacate the judgment, we need not address whether the issue was properly preserved. At a new trial on the counterclaim, however, the Jurevics should be entitled to offer proof of their reasonable consequential damages. *See Restatement (Second) of Contracts* § 374(b) (1981). Subject to their duty to mitigate damages, *see Schiavi Mobile Homes, Inc. v. Gironda,* 463 A.2d 722, 724–25 (Me.1983), the Jurevics should not be limited in their proof of consequential damages by an arbitrary time period.