WICKER, Judge.
This appeal arises from a petition for damages filed on behalf of plaintiff/appellant Darlene Kring as the tutrix of the minor child, Niki Kring, against defendants/appellees Jefferson Parish Police Department and Kevin Bussard. When Niki reached the age of majority, she was substituted as the party/plaintiff. From a judgment dismissing plaintiff's claims, plaintiff now appeals. The appeal as to the State of Louisiana, Department of Transportation and Development, Office of Highways was dismissed by joint motion. Another defendant, Karl Melcher, Sr. was never served. Trial was bifurcated and proceeded only against the remaining defendants on liability alone. We affirm the dismissal of plaintiffs claims.
Kring filed suit for damages allegedly arising from an automobile accident occurring at night on August 15, 1984. Kring, a passenger in the back of a pick up truck driven by Deborah Melcher, Karl Melcher’s minor daughter, was thrown out of the truck after the impact. She alleged Kevin Bussard, a Jefferson Parish Sheriffs Office employee, was in the course and scope of his employment when he struck the Melcher vehicle with his car. Kring alleged inter alia Melcher failed to stop for a stop sign; Bussard’s vehicle was in poor mechanical condition, with regard to rear brakes, and that Bussard traveled without headlights.
The trial judge concluded “the Melcher vehicle failed to come to a complete stop at the stop signal [sic].” He found the plaintiff had failed to meet her burden of proving the liability of Bussard and the sheriff’s office.
On appeal appellant specifies the following errors:
1. The trial judge erred in failing to find that the Sheriffs office vehicle did not have its headlights on at the time of the accident, and
2. The trial judge erred in failing to find that the brakes on the Bussard vehicle were not properly functioning.
The issue on appeal is whether the trial judge was manifestly erroneous in concluding Bussard and the Sheriffs office were not liable. He evidently concluded Melcher was 100% at fault for failing to stop at a stop sign. There is ample evidence to support his conclusion.
It is uncontested that Melcher had a stop sign and failed to stop completely. There is contradictory testimony, however, as to whether the Bussard vehicle had headlights *394 on prior to the accident. Tracy Kring, Niki Kring’s sister, testified she was a passenger in the front of a pick up truck driven by Melcher. She stated the accident happened around 10:30 p.m. Tracy testified she did not see headlights on the Bussard vehicle but only saw “yellow parking lights.”
On the other hand, Bussard testified on that night he had left a detail at Sears and was traveling home. He described the Sears parking lot as “fairly dark.” He stated his headlights were on before the accident; he never drives without them being on.
Appellant urges there is an adverse presumption regarding the fact that the sheriffs office produced no testimony or evidence on the whereabouts of the headlights or the results of lab tests. Anna White, a sheriffs deputy, testified she investigated the accident that night. She stated she determined Bussard’s headlights were on before the accident from the presence of a film on the broken headlights. She also stated she sent the broken lamps to the crime lab. She was not certain if they had been analyzed. She never got a report and the lab never got back to her.
As stated in Judice Armature Works, Inc. v. Bd. of Com’rs, etc., 410 So.2d 368 (La.App. 4th Cir.1982) at 370:
It is well settled in Louisiana law that the unexplained failure of a party to call a witness who possesses peculiar and material knowledge essential to that party’s case, when that witness is available to him, raises the presumption that the witness’s testimony would be unfavorable to that party, [citations omitted].
Appellees correctly point out in brief that they never listed any tests as an exhibit or listed a witness to testify as to lab results. Furthermore, they correctly note that Kring never propounded any interrogatory or request for production of lab results. The only document sought by Niki was the following. The plaintiff filed a request for production of documents directed to Bus-sard and the sheriff’s office asking for the following:
All maintenance records on the police vehicle involved in this accident—one 1982 Ford LTD 4 Door, [vin and license numbers] from 8/15/83 to 8/15/85.
The maintenance records were produced.
Additionally, as in Judice Armature Works, Inc., supra, there is no showing that the sheriff’s office actually had possession of “material facts necessary for the defense.” Id. at 370. There is no evidence a test was conducted. White’s testimony in that regard was that she was not certain the lamps had been analyzed.
Furthermore, we find no manifest error in the trial judge’s giving more weight to Bussard’s testimony that his headlights were on.
Appellant also contends another adverse presumption arises regarding the functioning of the brakes. Bussard testified the day after the accident the rear tires and brakes were tested. Appellant asserts that failure to produce evidence on the testing of the brakes after the accident should result in a presumption that such testimony would have been adverse.
Bussard testified that his brakes reacted as quickly as he expected and were working well on the date of the accident. New rear brake shoes had been installed August 10, 1984. He wondered why there were no skid marks from the back tires, only from the front tires. As a result the traffic department checked the rear tires and brakes. Although he had previously testified in his deposition that his tires did not “come to a good hard sliding stop” he explained at trial his brakes reacted as quickly as he expected.
Again, appellees correctly note these tests were never listed as an exhibit nor was any witness listed to testify as to any test results. Furthermore, “such a presumption is rebuttable and may be overcome when the sufficiency of the other evidence requires it.” [citations omitted]. Beal v. New Orleans Pub. Service, Inc., 365 So.2d 1118, 1121 (La.App. 4th Cir.1978).
Although Bussard and White testified there were only skid marks from the front tires of the Bussard vehicle, the defense accident and reconstruction expert, Ross Mocklin, explained:
*395 You’ll normally find that there are only two skid marks listed on just about any police report, unless the officer has been trained to look for the rear wheel tire marks, which do not leave the typical skid mark that everyone is used to looking at.
He pointed out the skid marks from the rear tires depicted in the photographs introduced into evidence. The “shadow marks” he referred to as leading to each rear tire are apparent in photographs D-5 and P-5. Based on his investigation he concluded the rear brakes “had effectively stopped the wheel from rotating. The wheel was not rotating during the collision sequence.”
From the position of the skid marks he concluded all four tires were locked prior to the impact.
Even assuming an adverse presumption existed, it was overcome. Furthermore, we find no manifest error in the trial judge’s giving weight to Mocklin’s uncontradicted testimony.
Accordingly, for the reasons stated the judgment dismissing Niki Kring’s claims against Kevin Bussard and the Jefferson Parish Sheriff’s Office is affirmed.
AFFIRMED.